# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORGE LUIS CASTILLO REYES,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 25-7138** |
| **v.** | : | |
| | : | |
| **MICHAEL T. ROSE, in his official** | : | |
| **capacity as ICE Field Office** | : | |
| **Director**, *et al.*, | : | |
| *Respondents.* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                          JANUARY 9, 2026

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is Petitioner Jorge Luis Castillo Reyes' ("Mr. Castillo Reyes" or "Petitioner"), petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 (the "Petition"), which challenges his detention by the Department of Homeland Security. (ECF 1). In his Petition, Mr. Castillo Reyes, a native and citizen of Venezuela who has allegedly been in the United States since September 2022, contends that he is charged, *inter alia*, with entering the United States of America without admission or inspection, and that he is being unlawfully detained and should be released. (*Id.*). Respondents,[1] (hereinafter, the "Government"), argue that this Court lacks jurisdiction to intervene in Petitioner's removal proceedings or, in the alternative, the Petition should be dismissed on its merits because Petitioner is being lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and, as such, his mandatory detainment without a bond hearing does not offend due

---

[1]     Michael T. Rose, in his official capacity as Immigration and Customs Enforcement ("ICE") Acting Field Office Director; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Direct of ICE; Jamal Lawrence Jamison, warden of the Philadelphia Federal Detention Center; and Pamela Bondi, in her official capacity as Attorney General of the United States (the "Attorney General").

process. (ECF 5). The issues have been fully briefed and are ripe for disposition. For the reasons set forth herein, Mr. Castillo Reyes' *habeas corpus* Petition is granted.[2]

## FACTUAL BACKGROUND

The following facts are undisputed[3] and are gleaned from the Petition:

Mr. Castillo Reyes is a native and citizen of Venezuela who has resided in the United States since entering at the United States-Mexico border with inspection and parole on September 26, 2022. (ECF 1-5 at p. 4).[4] Immigration and Customs Enforcement ("ICE") released Mr. Castillo Reyes into the country on parole. (*Id.* at pp. 5-6). Since then, Mr. Castillo Reyes has attended regular check-ins with ICE. (*Id.*). Mr. Castillo Reyes does not have a criminal record. (ECF 1 at ¶¶ 28, 58). Neither the Department of Homeland Security ("DHS"), nor its sub-agencies, have made any claim that Mr. Castillo Reyes is a danger to persons or property or is a flight risk. (*Id.* at ¶ 29). Mr. Castillo Reyes has an active Form I-589 Application for Asylum, Withholding of Removal and Protection Under the Convention Against Torture, along with an application for Temporary Protected Status. (*Id.* at ¶ 27).

Mr. Castillo Reyes was instructed by ICE to attend what he was told was a routine check-in at the Philadelphia ICE field Office on November 28, 2025. At that check-in, ICE agents, as well as other federal agents acting on its behalf, detained Mr. Castillo Reyes. (*Id.* at ¶¶ 24-25). Mr. Castillo Reyes remains detained at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania. (*Id.* at ¶¶ 26).

Mr. Castillo Reyes has not been provided a bond hearing nor any other individual assessment to support his detainment. On December 18, 2025, Mr. Castillo Reyes filed the underlying Petition. (ECF 1). On December 19, 2025, this Court issued an Order requiring the Government to respond to the Petition by

---

[2]     This Court recognizes that it is not alone in deciding this case as it does. As of January 5, 2026, "308 judges have ruled against the [Government's] mass detention policy — ordering release or bond hearings in more than 1,600 cases — [while] just 14 judges . . . have sided with the [Government's] position." Kyle Cheney, *Hundreds of judges reject Trump's mandatory detention policy, with no end in sight*, Politico (Jan. 5, 2026), www.politico.com/news/2026/01/05/trump-administration-immigrants-mandatory-detention-00709494.

[3]     The Government represents that, "[f]or purposes of responding to this *habeas* petition only, the [G]overnment does not dispute other facts or characterizations thereof stated in the [P]etition (except if the [P]etitioner claims he has been 'admitted' to the United States)." (ECF 5, at pp. 2-3).

[4]     Petitioner provides two different dates for when he entered the United States – April 22, 2022 and October 26, 2022. (ECF 1 at ¶¶ 1, 23). This Court relies on DHS documents attached to the Petition as "Exhibit B" that show Petitioner was apprehended in the United States on September 26, 2022. (ECF 1-5).

December 26, 2025.  (ECF 2).  On December 23, 2025, the Government filed an answer/response to the Petition.  (ECF 5).

**LEGAL STANDARD**

A federal district court is authorized to grant a writ of *habeas corpus* under 28 U.S.C. § 2241 when the petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(1), (3).  The burden is on the petitioner to show that his detention/custody is in violation of the Constitution and/or federal law.  28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).  The Fifth Amendment of the United States Constitution entitles noncitizens[5] to due process of law in deportation proceedings.  *See Serrano-Alberto v. AG United States*, 859 F.3d 208, 211 (3d Cir. 2017) ("The Fifth Amendment protects the liberty of all persons within our borders, including [noncitizens] in immigration proceedings who are entitled to due process of law . . . .").

**DISCUSSION**

In his *habeas* Petition, Mr. Castillo Reyes contends that his detainment violates his Fifth Amendment right to due process under the Constitution of the United States because the Government failed to conduct an individualized assessment to determine if he was eligible for bond, *i.e.* a bond hearing.  Alternatively, Mr. Castillo Reyes contends that he is subject to the detention provisions of 8 U.S.C. § 1226(a) (hereinafter, "Section 1226(a)"), and his detention pursuant to the distinctive provision of 8 U.S.C. § 1225(b)(2) (hereinafter, "Section 1225(b)(2)") is unlawful.  As such, Mr. Castillo Reyes seeks immediate release or, at a minimum, a

---

[5]    This Order uses the term "noncitizen" in place of "alien."  *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))).

determination that his detention is pursuant to Section 1226(a) and an order that he receive a bond hearing.  This Court construes Mr. Castillo Reyes' Petition as one based on an alleged violation of the Immigration and Nationality Act ("INA") and his Fifth Amendment right to due process.

### Jurisdiction Properly Lies in this Federal Court

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  However, among that jurisdiction is the authority to review *habeas* petitions.  28 U.S.C. § 2241; *see also Walker*, 312 U.S. at 286.

Here, the Government argues that this Court's review of the instant Petition is jurisdictionally barred pursuant to the following provisions of the INA; *to wit*: 8 U.S.C. §§ 1252(g), 1252(b)(1), and 1252(a).  While the United States Court of Appeals for the Third Circuit ("Third Circuit") has recognized that "[t]he INA limits judicial review in several ways," *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020), it applies a narrow construction to jurisdiction-stripping provisions, *Novo Nordisk Inc. v. Sec'y United States HHS*, 154 F.4th 105, 111 (3d Cir. 2025).  However, none of the INA provisions invoked by the Government "strip[ ] the Court's jurisdiction to determine the statutory basis for . . . detention or to assess whether [Petitioner's] continued detention without a bond hearing violates [Petitioner's] constitutional rights." *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D. Pa. Nov. 14, 2025).

### Mr. Castillo Reyes does not Need to Exhaust his Claims

A threshold inquiry for a *habeas corpus* petition is whether the petitioner fully exhausted his claims.  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Petitioners seeking *habeas* review pursuant to § 2241 "are ordinarily required to exhaust their administrative remedies[.]" *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  Exceptions exist, however.  Petitioners "need not exhaust administrative remedies where the issue presented involves only statutory construction." *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v.*

*Carlson*, 682 F.2d 1050, 1052 (3d Cir.1981)).    Additionally, "where exhaustion is not clearly mandated by statute, a futility exception exists."  *Duvall v. Elwood*, 336 F.3d 228, 234 (3d Cir. 2003).  Here, both exceptions apply.

In this matter, there are no applicable statutory exhaustion requirements related to Mr. Castillo Reyes' Petition.  Indeed, the issue in this case hinges on the statutory construction of Sections 1225 and 1226 of the INA.  Any effort by Mr. Castillo Reyes to exhaust administrative remedies through an immigration judge ("IJ") and the Board of Immigration Appeals ("BIA") would be futile as the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 225 (BIA 2025) is binding on all immigration court proceedings and precludes an administrative remedy. Moreover, the BIA does not have jurisdiction to adjudicate constitutional issues.  *Qatani v. Att'y Gen.*, 144 F.4th 485, 500 (3d Cir. 2025).  As the Petition raises a substantial constitutional question, it is properly before this Court.  Thus, this Court may review Mr. Castillo Reyes' *habeas* Petition on its merits.

### *Mr. Castillo Reyes is Entitled to Habeas Relief from his Unlawful and Unconstitutional Detention*

Mr. Castillo Reyes avers that his constitutional rights were violated when detained because he was denied due process in the form of a bond hearing.  He also argues that he is being unlawfully detained without a bond hearing in violation of Section 1226(a).  In its response, the  Government, relying on the BIA's interpretation of "seeking admission" under Sections 1225(b)(2) and *Hurtado*, 29 I. & N. Dec. at 221,[6] counters that Mr. Castillo Reyes is subject to the mandatory

---

[6]    This Court need not defer to the BIA's interpretation of Section 1225(b)(2).  *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400-01 (2024) (noting that "agencies have no special competence in resolving statutory ambiguities" but "[c]ourts do").

detention provision of Section 1225(b)(2), and, as such, his detention without a bond hearing is lawful.

As noted in numerous other cases, the Government's attempts to complicate the issue are ineffective. Congress wrote a statute differentiating between noncitizens who are newly seeking entry into the United States and those, like Mr. Castillo Reyes, who have been in this country for an extended period. The former category may be subject to mandatory detention, the latter a discretionary one. Here, this Court rules consistent with the Constitution and the statute, as written. Because Mr. Castillo Reyes is being detained according to a mandatory detention provision that does not apply to him and is so detained without due process, this Court finds that Mr. Castillo Reyes' detention is unlawful and unconstitutional.

*Section 1225(b) Does Not Apply*

The Supreme Court of the United States has identified a distinction between Sections 1225(b) and 1226(a): "U.S. immigration law authorizes the Government to detain <u>certain [noncitizen] seeking admission into the country</u> under [Sections] 1225(b)(1) and (b)(2). It also authorizes the Government to <u>detain certain [noncitizen] already in the country</u> pending the outcome of removal proceedings under [Sections] 1226(a) and (c)." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). However, the Supreme Court has not defined "seeking admission," thus this requires an independent statutory interpretation. *Panzarella v. Navient Solutions, Inc.*, 37 F,4th 867, 872 (3d Cir. 2022) (citing *Bostock v. Clayton Cnty*., 590 U.S. 644, 654 (2020) ("For an undefined term . . . we seek to determine its plain meaning at the time of the [statute's] enactment.")

Section 1225(b)(2) provides that: "[I]n the case of a[ noncitizen] who is an <u>applicant for admission</u>, if the examining immigration officer determines that a[ noncitizen] <u>seeking admission</u> is not clearly and beyond a doubt entitled to be admitted, <u>the [noncitizen] shall be detained</u> for a

proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under this statutory language, an "applicant for admission" is subject to Section 1225(b) if they are found to be "seeking admission." *See also Jennings*, 583 U.S. at 297 (emphasis added) ("[Section] 1225(b) applies primarily to [noncitizens] <u>seeking entry</u> into the United States.").

The statute defines "an applicant for admission" as a "[noncitizen] present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). The statute also defines "admitted" and "admission" as "the lawful entry of the [noncitizen] into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). However, the INA does not define the phrase "seeking admission." *See generally*, 8 U.S.C. § 1101. This Court relies on the Honorable Joshua D. Wolson's well-reasoned analysis of the plain meaning of the text, statutory context, and legislative history of Section 1225(b) to define "seeking admission" to mean "physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *See Kashranov*, 2025 WL 3188399, at *6-7.

The Government's position that Mr. Castillo Reyes' detention is lawful pursuant to Section 1225(b)(2) is unavailing because Mr. Castillo Reyes is not subject to said provision. Mr. Castillo Reyes sought admission when he arrived at the border between the United States and Mexico three years ago. The Government detained him and released him on parole around September 26, 2022, and he has been living, apparently without criminal incident, openly in the United States ever since. Further, Mr. Castillo Reyes has dutifully reported to the ICE office as required by his parole. In the past three plus years while Mr. Castillo Reyes has been living peaceably in the United States, he has not been "seeking admission," and, thus, he is not subject to Section 1225(b)(2).

*Violation of Section 1226(a)*

Having determined that Mr. Castillo Reyes cannot be subject to mandatory detention under Section 1225(b), this Court next considers the lawful basis, if any, for Mr. Castillo Reyes' detention. As noted, Section 1226(a) "applies to [noncitizens] already present in the United States." *Jennings*, 583 U.S. at 303. Section 1226(a) provides discretionary authority to arrest and detain a noncitizen "pending a decision on whether [they are] to be removed from the United States." 8 U.S.C. § 1226(a). Furthermore:

> ***[Noncitizens] who are arrested and detained may generally apply for release on bond or conditional parole***. [8 U.S.C.] §1226(a)(2). To secure release, the [noncitizen] must show that he does not pose a danger to the community and that he is likely to appear for future proceedings. 8 CFR §§ 236.1(c)(8), 1236.1(c)(8) (2020); *In re Adeniji*, 22 I. & N. Dec. 1102, 1113 (BIA 1999). If DHS denies the [noncitizen]'s request, the [noncitizen] may request a bond hearing in front of an [IJ] by filing an application for a change in the [noncitizen]'s detention conditions. *See* 8 CFR §§ 236.1(d)(1), 1003.19(a), 1236.1(d)(1).

*Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28 (2021) (footnote omitted) (emphasis added).

Here, it is apparent to this Court that Section 1226(a) applies to Mr. Castillo Reyes' circumstance given that he has been in this country for more than three years. Therefore, under Section 1226(a), he is entitled to a bond hearing upon request. Because the Government justifies its detention of Mr. Castillo Reyes under Section 1225(b)(2) and represents to the Court that he is not eligible for a bond hearing, Mr. Castillo Reyes' detention violates the laws of the United States.

*Violation of Due Process*

In addition to being unlawful, this Court also finds Mr. Castillo Reyes' detention unconstitutional. "[The] Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether Mr. Castillo Reyes, who is

a person within the United States, has been denied due process, this Court applies the *Mathews v. Eldridge* balancing test and weighs the following factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976).

As for the *Mathews* private interest factor, Mr. Castillo Reyes' freedom, is paramount here. A person's interest in freedom from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 695 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Thus, the first factor of private interest weighs heavily in Mr. Castillo Reyes' favor.

The second *Mathews* factor — the risk of an erroneous deprivation of Mr. Castillo Reyes' rights — also weighs in his favor. Based upon the current record, the Government has detained Mr. Castillo Reyes without any individualized determination[7] whatsoever, and it is unclear what the Government intends as to the length of Mr. Castillo Reyes' detainment. This Court will not

---

[7]       "To determine whether a[ noncitizen] is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent." *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). "These factors may include any or all of the following: (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States." Guerra, 24 I. & N. Dec. at 40 (citing *Matter of Saelee*, 22 I. & N. Dec. 1258 (BIA 2000)).

countenance a situation in which Mr. Castillo Reyes could is subject to months of detention prior to any opportunity to be heard.

Finally, as to the Government's interest, the Court finds that it does not supersede the deprivation of Mr. Castillo Reyes' liberty interest. Although "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature[,]" *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), a bond hearing would not impose additional administrative burdens on the Government's interests as Section 1226(a) already allows Mr. Castillo Reyes to apply for release on bond, *see Johnson*, 594 U.S. at 527.

In sum, because the *Mathews* factors weigh heavily in Mr. Castillo Reyes' favor, his detention violates his due process rights under the Fifth Amendment and is unconstitutional.

**CONCLUSION**

Because the Government's mandatory detention of Mr. Castillo Reyes under Section 1225(b)(2) is "in violation of the Constitution or laws or treaties of the United States," *habeas* relief is warranted. 28 U.S.C. § 2241(c)(1), (3). As a general matter, a *habeas* court has "the power to order the conditional release of an individual unlawfully detained — though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008). Accordingly, Mr. Castillo Reyes shall be provided a bond hearing within five days from the date of the Court's Order. Failure to provide the bond hearing as indicated will result in Mr. Ochoa's immediate release. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.